STATE of TENNESSEE, for use of FENTRESS COUNTY, v. JAMES B. REED and OTHERS.

(*Nashville.* December Term, 1905.)

1. **PUBLIC OFFICER.** Lack of capacity is negligence, when.

A public officer contracts not only for the exercise of diligence, caution and good faith, but also that he has capacity and ability to properly discharge the duties incumbent upon him; and it is negligence for one to undertake to discharge duties which he knows or ought to know he cannot perform for want of the necessary capacity, ability or experience.

2. **COUNTY TRUSTEE AND SURETIES.** Liability of, on bond for loss of county funds deposited in an insolvent bank and lost through its failure, when.

Where a county trustee deposited the county funds in a bank in which he is a director, without any personal effort to investigate the affairs of the bank and ascertain for himself its solvency or insolvency, and without giving its affairs any attention, and without knowing anything about them, though he was unable, for want of capacity, and familiarity with such matters, to ascertain the condition of the bank by a personal examination, but made the deposit upon the advice of his bondsmen and business men of the county, such officer has wholly failed to exercise the diligence, caution and prudence required by law in selecting a safe and solvent bank of deposit, and is also guilty of culpable negligence in failing to avail himself of all the opportunities and facilities at his command for investigating and ascertaining the condition of the bank; and, on account of the insolvency and failure of the bank, the funds are lost, such officer and his sureties on his official bond are liable therefor.

Case cited and distinguished: State v. Copeland, 96 Tenn., 296.

Fentress Co. v. Reed,

FROM FENTRESS.

Appeal from the Chancery Court of Fentress County. D. L. LANSDEN, Chancellor.

CONATSER & CASE, for complainant.

SMITH & COOPER and A. H. ROBERTS, for defendants.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

The bill in this case is brought by the State of Tennessee, for the use of Fentress county, against James B. Reed, county trustee of that county, and others, his sureties upon his official bonds, to recover $2,853.36, on account of county revenues collected but not accounted for, as required by law, by said Reed.

The defendants, answering, admit the election of Reed as trustee; the execution of the bonds sued on, and the collection of the money which he has not paid over; but they deny that the county is entitled to a decree against them for it. Their defense is that the defendant Reed deposited the county revenues, as collected by him, to his credit as trustee in the Fentress County Savings

Bank, a banking concern then doing business in James-
town, the county seat of Fentress county, and of good
reputation for solvency in that community, in good faith,
believing, after careful and diligent inquiry and investi-
gation, that the bank was solvent and the county's mon-
ey safe in its hands, and that while it was so deposited,
without fault or negligence upon his part, the bank fail-
ed, and a portion of the money, amounting to the sum
sued for, became uncollectible and was lost. They insist
that upon these facts the defendant Reed is not liable for
the money thus lost, and that they should not be held
to account for it.

The court of chancery appeals, upon the hearing be-
fore it, found that the defendant Reed did deposit the
county revenues collected by him as trustee to his credit
as trustee in the Fentress County Savings Bank; that
these funds were kept separate from his private or in-
dividual money; and that he received no compensation
from the bank for keeping his account with it; that the
bank and its officers, at the time he opened his account
and deposited the money lost, sustained good reputation
for solvency and integrity with the business men and
citizens of Fentress county, but that the bank, while the
defendant had deposited therein to his credit as trustee
$3,491.17, failed and assigned, and in this way, after
crediting the pro rata paid by the assets of the bank,
$2,853.36 of the county's revenue was lost.

That court further finds that the defendant Reed
lived in the country about eight miles from Jamestown;

that he had no safe place there to keep and deposit the public money collected by him, and that he was advised by his bondsmen and by business men of the county to deposit it in the Fentress County Savings Bank, which was the only banking institution in the county, and that he did so, in good faith believing the bank solvent and responsible. That said Reed was a man of integrity, but of limited business capacity and experience; that while not a stockholder, he was one of the directors of the bank and had access to its books and the right to examine them, and in this way the opportunity to learn its true condition, certainly whether or not it was a safe and proper place for the deposit of the public funds in his hands, but that he made no effort, as director or otherwise, to personally investigate the affairs of the bank and ascertain for himself its solvency or insolvency, and, in fact, gave them no attention and knew nothing about them. It is also found that, for want of capacity and familiarity with such matters, he could not have ascertained the condition of the bank, had he attempted a personal examination of its books.

That court, upon this finding of facts, held that the defendant Reed did not exercise that diligence, caution, and prudence which public officers are required to do in the selection of a depository for public funds in their hands, and that, in depositing the money in the Fentress County Savings Bank, he was guilty of negligence, and he and his sureties should be held for such loss, and de-

creed accordingly. The defendants have appealed and assigned as error this conclusion, insisting that it in conflict with the holding of this court in the case of the *State* v. *Copeland*, 96 Tenn., 296.

This court did hold in that case that a public officer holds the funds that come into his hands in the discharge of the duties of his office as trustee to be disposed of as provided by law; that he is not an insurer of the safety of such funds, but is bound only for the exercise of good faith, proper diligence, caution, and prudence in their management and safe-keeping. It is further held that it is not negligence or want of proper business prudence and caution to deposit the funds in a bank of undoubted standing and reputation for solvency, and in case of loss by failure of the bank, the officer will not be held to make it good.

But the facts in this case are widely variant from those found by the court in that, and fall far short of bringing it within the rule there announced and applied. The defendant Reed wholly failed to exercise the diligence, caution, and prudence which the law, as announced in that case, required him to do in selecting a safe and solvent bank in which to deposit the trust funds in his hands, if he desired to make that disposition of them, for it was entirely optional with him; and he was also guilty of culpable negligence in failing to avail himself of all the opportunities and facilities at his command for investigating and ascertaining the condition of the depository selected. Mere inquiry of the general public,

or of the business men of the community where the bank does business, who may or may not be interested in it, of the solvency of the institution and the integrity and business qualifications of its officers, is not the diligence and caution required in such cases.   There must be an active exercise of the diligence and caution which a prudent man, reasonably conversant with such affairs, brings to bear in the conduct of his own business, to ascertain the true condition and determine whether or not it is a safe place in which to deposit money.   The duty to make a thorough investigation of the solvency or insolvency of the bank is an active one, and the officer must use all means reasonably available for such purpose.   There must be no perfunctory discharge of this duty, and it must be continued so long as the deposits remain in the bank.   Good faith alone is not sufficient to exonerate an officer from a loss sustained in this way. The want of business capacity, or familiarity and experience with business affairs, and with banks, is also unavailing. A public officer and his official sureties not only contract for the integrity and good faith of the officer, but for his capacity and ability to properly discharge the duties incumbent upon him.   It is negligence for one to undertake to discharge duties which he knows or ought to know he cannot perform for the want of the necessary capacity, ability, and experience.

The defendant Reed, as a director of the Fentress County Savings Bank, had access to its books, and with ordinary capacity and the exercise of ordinary intelli-

gence, could have ascertained that it was insolvent and an unsafe place for the deposit of the trust funds in his hands. Good faith and a proper exercise of the duties of his trust required him to take advantage of these opportunities, and his failure to do so was negligence.

He has failed to make out a case for exoneration from the results of his own misconduct, and must bear the consequent loss. Affirmed.